## COMMONWEALTH *v.* RICHARD R. SPAIN.

[Making a false writing.]

On the 10th May, 1842, the RECORDER made the following remarks after the evidence had closed.

After a patient investigation of the charge preferred, on the oath of Mary Ann Kirk, against this defendant, and a careful review of all the evidence in the case, there appears to me but one course which the committing magistrate can adopt, if he be influenced in his decision by the convictions of duty.

The name attached to the bill for tuition, alleged to have been rendered by Mary Ann Kirk, dated the 30th of June, 1837, in her capacity as public school teacher for the school at Richmond village, is positively stated to be a forgery, by the said Mary Ann Kirk, under oath. She testifies she never signed such a bill, that she never kept the said school the length of time which the said alleged forged bill states the said school was open, and under her charge; and that she believes the defendant committed the said forgery of her name to the said bill. That the bill rendered, purporting to be her bill, to the controllers of the public schools, calls for $71 80, while in fact the whole amount of her claim against the controllers for tuition, as appears from her bill of the said date, given to Mr. Spain to collect for her, was $45 71; that she only received $45 71 from Mr. Spain, yet he, the defendant, obtained from the controllers the sum of $71 80. This is a con-

densed statement of the evidence of the prosecutrix. Her evidence is supported by testimony, going to prove that after her bill was collected by Mr. Spain, he paid her only $ 45 71; that the amount of her bill rendered to him was but for $45 71; that Mr. Spain said to the prosecutrix, in the hearing of witness, after the said payment, that he intended to have prosecutrix's salary raised to $ 62 50, which was better than $ 45 per quarter; that he admitted to a Mr. Penn that he had written the name of Mary Ann Kirk to the $ 71 80 bill, and that it appears from the books of the county treasurer, that he, Mr. Spain, was paid $ 71 80. On the part of the defendant, it is in proof that the prosecutrix at one time denied that she signed the alleged forged bill, and at another admitted her signature to the said bill to be good : one witness positively swears to this fact, although he is as positively contradicted by two witnesses. It is also in proof that unfriendly feelings exist between some portion of the prosecutrix's family and Mr. Spain, and that the charge now sought to be established, has laid dormant since June, 1837; and also, that a committee of the directors of the public schools for the 10th section, in which the said prosecutrix was a teacher, at the time the said bill was forged, as is alleged, examined the case, and dismissed the prosecutrix from the said school, as the teacher, and passed a vote exculpating Mr. Spain from any reproach on account of the alleged forgery, which subject was brought before the notice of the said board, in 1838, by the now prosecutrix.

This I believe to be a correct summary of the testimony on the part of the commonwealth, and for the defendant. It is no part of my province to express any

opinion on the facts in proof, the origin or supposed motives of the prosecution, or the character and credibility of the witnesses. My duty is as plain as it is responsible, defined by the books, and established by the experience and practice of years. This is not the court in which the case is tried, nor am I, either to usurp the powers of a jury, nor be unmindful of the discretionary powers vested in the magistrate. In all cases where it is clear, from the evidence adduced on a primary hearing, that the party has committed the offence of which he stands charged; or, where there is good reason to believe he has committed the offence; or where, from all the facts in the case, there is a reasonable doubt as to his having committed the offence or not; the justice holding the primary hearing, under any of these circumstances, must bind the party over to be tried by a jury. In cases of the kind referred to, it is the province of the jury alone to decide on the guilt or innocence of the person accused. This is old-fashioned law and old-fashioned justice, and I, as a magistrate, consider that any departure from this rule weakens the guards which protect society, fosters crime, shakes the confidence of the citizen in the law and its ministers, and is of benefit only to those, who least of all should be exempt from punishment, if they merit it.

The constitution has given the right of a trial by jury to all citizens who are accused of crime; but in doing this, it has not denied the accusing party the right of having the charge investigated and decided by a jury.

The right of an accusing party to go before a court and jury with his complaint and his evidence, that it may be sustained, and the party punished for a violation

of law, is equal to the right of the accused party to seek the same source for an acquittal. It is the jury alone which is allowed to use the doubt of the prisoner's guilt in his favour, unless the case before the magistrate for a hearing, is one in which the doubt is far greater than the probable cause of the guilt of the accused; then the magistrate would grossly err in binding over for a trial.

The science of the law and the repositories of justice, should be the last resorts of either experiment or novelty. Stability and equality are vital principles of both. From all the testimony in this case, I am forced to the conclusion that a jury is the safest and only tribunal, to decide on the guilt or innocence of the defendant, for the offence he is here charged with. It is one of fact exclusively. No evidence has been offered by him, or any explanation given to show that he rightfully claimed of the school fund the amount of $71 80, or that if it was justly due, he ever paid it to the person to whom it properly belonged. In order then, that if wrong has been done by him, he may be punished, or if he is not culpable he may be discharged, I think it an imperative and at the same time a most disagreeable duty, to say that Richard R. Spain is hereby ordered to find a good and sufficient security, in the sum of $1000, to answer the charge of forgery, and a like surety in the sum of $500, to answer for the larceny of $26 09, the difference between the amount of the bill paid to him, on the order of Mary Ann Kirk, and the sum paid over to her, after having so received the same; at the next session of the court of general sessions for the city and county of Philadelphia, and stand committed till this order is complied with.

The defendant entered bail.